Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
MISTY CASTRO

ADR

Filed
JUN - 6 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

MISTY CASTRO,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.

Case No.:

CV13-02555

COMPLAINT

(Unlawful Debt Collection Practices)

HRL

## VERIFIED COMPLAINT

Plaintiff, MISTY CASTRO ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

PLAINTIFF'S COMPLAINT

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Hollister, San Benito County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection corporation with an office in Dallas, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In or around March and April of 2013, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

13. Defendant placed calls to Plaintiff on her cell phone at 408-612-28XX and to Plaintiff's place of employment at 408-573-14XX.

14. On March 13, 2013, Defendant's representative, "Marty" placed a collection call to Plaintiff's place of employment.

15. In the course of the collection call on March 13, 2013, Defendant's representative, "Marty" threatened to garnish Plaintiff's wages if the alleged debt was not paid.
16. Upon information and belief, Defendant has not obtained a judgment against Plaintiff.
17. On March 13, 2013, Plaintiff sent an email to Defendant' Representative, "Amber Farquhar" stating that Plaintiff was not allowed to receive collection calls at work.
18. Despite being informed that Plaintiff was not allowed to receive collection calls at work, Defendant placed collection calls to Plaintiff's place of employment on April 8, 2013.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:
    a. Defendant violated § 1692c(a)(3) of the FDCPA by placing collection calls to Defendant's place of employment despite knowing or having reason to know that Plaintiff's employer prohibits such communication;
    b. Defendant violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.
    c. Defendant violated § 1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages despite lacking both the intent and the legal right to do so.
    d. Defendant violated § 1692e(10) of the FDCPA by using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

WHEREFORE, Plaintiff, MISTY CASTRO, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

PLAINTIFF'S COMPLAINT

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

    a. Defendant violated § 1788.10 of the RFDCPA by threatening to garnish Plaintiff's wages despite lacking both the intent and legal right to do so;

    b. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, *et seq.* to wit: Sections 1692c(a)(2) and 1692e.

WHEREFORE, Plaintiff, MISTY CASTRO, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. for the following:

25. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b).

26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

27. Any other relief that this Honorable Court deems appropriate.

DATED: June 3, 2013

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: _____

Ryan Lee
Attorney for Plaintiff,
MISTY CASTRO

- 4 -

PLAINTIFF'S COMPLAINT